**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS JEROME BANKS,** | : |
| **Petitioner** | : |
| | :      **CIVIL ACTION NO. 3:15-1701** |
| **v.** | : |
| |      **(Judge Mannion)** |
| **KEVIN KAUFFMAN,** | : |
| **Respondent** | : |

**MEMORANDUM**

On August 25, 2015,[1] petitioner, Dennis Jerome Banks, an inmate confined in the State Correctional Institution at Huntingdon, Pennsylvania ("PA"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks his 2007 convictions for drug related offenses. By Order dated June 13, 2016, this Court, *sua sponte*, raised the AEDPA's one-year statute of limitations and directed the parties to respond in accordance with United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005). (Doc. 7).

On July 11, 2016, the Adams County District Attorney filed a response

---

[1] Since the habeas petition was signed by Petitioner on August 25, 2015, under the prison mailbox rule, the court construes the petition as being filed on that date. *See* Bond v. Visionquest, 410 Fed.Appx. 510 (3d Cir. 2011).

to the habeas petition, with exhibits consisting of the state court record. Doc. 10. No traverse has been filed. For the reasons set forth below, the Court will dismiss Petitioner's habeas petition as untimely.

## I. Background

The following background has been extracted from the Pennsylvania Superior Court's May 14, 2008, Memorandum Opinion affirming Petitioner's judgments of sentence on direct appeal, see (Doc. 10-17); Commonwealth of Pennsylvania v. Banks, No. 581 MDA 2007):

> Dennis Jerome Banks appeals from the February 16, 2007 judgments of sentence entered in the Court of Common Pleas, Adams County, following his convictions for drug related offenses. On appeal, he challenges the discretionary aspects of sentencing by arguing that the police engaged in sentencing entrapment. Upon review, we affirm the judgments of sentence.
>
> At CP-01-CR-42-2006, Banks was convicted of one count of the following: criminal use of communication facility, delivery of a controlled substance-cocaine, possession with intent to deliver-cocaine, and criminal conspiracy-deliver of a controlled substance. The convictions stemmed from a "controlled buy" drug transaction on December 29, 2005.
>
> At CP-01-CR-49-2006, Banks was convicted of the following: three counts of criminal use of communication facility, three counts of delivery of a controlled substance-cocaine, and two counts of criminal conspiracy-delivery of a controlled substance. These convictions stemmed from three "controlled buy" drug transactions that occurred on November 14, November 18, and

December 21, 2005.

On February 16, 2007, the trial court sentenced Banks to an aggregate sentence of 10½ to twenty-one years imprisonment.[2] He filed a timely motion to modify the sentence arguing that the Commonwealth engaged in conduct that amounted to "sentencing entrapment" and that the trial court abused its discretion by imposing consecutive sentences. The trial court denied the motion, and Banks filed a timely appeal.

On appeal, Banks presents the following issues for our review:

1.      Whether the lower court erred in denying without hearing and argument [his] motion for modification of sentence on grounds of sentencing entrapment where [he] alleged that (1) the police continued to engage him in three drug buys after the initial buy without any reasonable purpose; and (2) the police knew or should have known that the effect of such engagement was to endanger the public and subject him unnecessarily to multiple mandatory minimum penalties.
2.      Whether the lower court abused its discretion in imposing an aggregate sentence of not less than 10½ years to not more than 21 years in a state correctional institution, with counts within the sentences for drug transactions and related offenses run consecutively, and the aggregate sentence was manifestly excessive, where the court failed to consider whether [he] was subject to sentencing entrapment by denying his motion for modification of sentence without hearing or argument, and the trial record was not a sufficient basis upon which this issue could

---

[2] The sentencing scheme was as follows: a one and one-half to three year sentence followed by three consecutive sentences of three to six years. The remaining convictions were concurrent. Also, the trial court imposed the thirty-six month mandatory minimum to four counts; two of the mandatory minimums ran concurrent to each other and consecutive to the remaining sentences, and the other two mandatory minimums ran consecutive to the other sentences and to each other.

3

be resolved.

Appellant's brief, at 8.

Bank's issues on appeal involve challenges to the discretionary aspects of sentencing.

Unlike a challenge to the legality of sentence, the right to appeal a discretionary aspect of sentence is not absolute. Rather, a party who desires to raise such matters must petition this Court for permission to appeal and demonstrate that there is a substantial question that the sentence is inappropriate. The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a cases-by-case basis.

> It is only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. We will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. In fulfilling this requirement, the party seeking to appeal must include in his or her brief a concise statement of the reasons relied upon in support of the petition for allowance of appeal.

**Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007) (citations omitted). Banks' claim that the sentencing entrapment was contrary to fundamental norms of the sentencing process raised a substantial question; therefore, we will proceed to the merits of his argument.

(Doc. 10-17); Commonwealth of Pennsylvania v. Banks, No. 581 MDA 2007).

4

On May 14, 2008, the Pennsylvania Superior Court affirmed Petitioner's judgments of sentence. Id.

On June 11, 2008, Banks filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 10-18). On January 21, 2009 the Pennsylvania Supreme Court denied Banks' petition for allowance of appeal. See Commonwealth of Pennsylvania. v. Banks, 377 & 378 MAL 2008.

On January 19, 2010, Banks filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546. (Doc. 10-20, PCRA petition). He raised the following two due process claims: (1) That he was denied due process through the failure of prosecuting officials to properly execute the complaint and supporting affidavits of probable cause against him; and (2) That he was denied due process by the Commonwealth's failure to bring the charges before a grand jury prior to his prosecution.  (Doc. 10-21).

On June 1, 2010, the PCRA Court granted Petitioner's PCRA attorney's motion to withdraw as counsel and afforded Petitioner twenty (20) days to respond to their notice of intention to dismiss his PCRA petition. (Doc. 10-23).

By Order dated July 8, 2010, upon Petitioner's failure to respond to the PCRA Court's June 1, 2010 Order, the PCRA Court dismissed Banks' PCRA

petition with prejudice, for lack of merit. (Doc. 10-24).

On August 5, 2010, Banks filed an appeal with the Pennsylvania Superior Court. (Doc. 10-25). By Memorandum Opinion dated March 15, 2011, the Pennsylvania Court of Appeals quashed Petitioner's appeal "due to the inadequacy of [Petitioner's] brief, [they] we unable to conduct meaningful appellate review." (Doc. 10-27). No further appeal was filed.

On March 17, 2014, Petitioner filed a second PCRA petition. (Doc. 10-28). Petitioner asserted that his sentence was unconstitutional in light of the decision of the United States Supreme Court in Alleyne v. United States, 570 U.S. 99 (2013). Id. By Order dated April 2, 2014, the PCRA Court noted that it lacked jurisdiction to consider the Petitioner's second PCRA Petition under 42 Pa. Con. Stat. §9545(b) because it was untimely, and that the United States Supreme Court did not hold Alleyne to be retroactive. (Doc. 10-29).

On June 27, 2014, Petitioner filed an appeal of the PCRA Court's dismissal. (Doc. 10-32). By Memorandum Opinion dated July 28, 2015, the Pennsylvania Superior Court affirmed the PCRA Court's dismissal of Petitioner's PCRA petition as untimely. (Doc. 10-34).

On August 25, 2015, Petitioner filed the instant petition for writ of habeas corpus in which he again raises the legality of his sentence in light of

the United States Supreme Court's holding in Alleyne. (Doc. 1).

## II.    Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of 28 U.S.C. §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal

habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz

v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction collateral petition. Stokes v. Dist. Attorney of Phila., 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

## A.    Timeliness

In this case, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court after the Superior Court denied his direct appeal

and affirmed his judgment of sentence. Since the Pennsylvania Supreme Court denied allocatur in Petitioner's direct appeal on January 21, 2009, his conviction became final on April 21, 2009, after 90-days had passed in which he could have petitioned the United States Supreme Court for a writ of certiorari. See Almazan v. Commonwealth of PA, 80 F.Supp.3d 602, 605 (E.D.Pa. 2015) (citing Kapral v. United States, 166 F.3d 565 (3d Cir. 1999)). Thus, the clock for filing a federal habeas petition began running on April 21, 2009, and petitioner then had one year to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Banks filed his timely PCRA petition on January 10, 2010, the AEDPA's filing period was statutorily tolled with approximately 92 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until March 15, 2011, when the Superior Court affirmed the dismissal of that petition. Because Banks did not seek relief from the Pennsylvania Supreme Court, his judgment of sentence became final on April 11, 2011, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence, and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. See 28 U.S.C. §2244(d)(1)(A); Pa. R. App. P. 1113; 42

10

Pa.C.S.A. §9545(b)(3). Accordingly, the remaining 92 days of the one-year

limit for Petitioner to timely file a federal petition for writ of habeas corpus

began on April 11, 2011 and expired on July 12, 2011. The instant petition was

not filed until August 25, 2015, four years after the limitations period expired.

Thus, the petition for habeas corpus relief is barred by the statute of

limitations, and should be dismissed as untimely, unless the statute of

limitations is subject to statutory or equitable tolling.

## B.    Statutory Tolling

As noted above, the one-year statute of limitations is tolled during the

time petitioner had pending in state courts a properly filed PCRA petition.

While Petitioner's first PCRA petition was timely filed and tolled the AEDPA

statute of limitations, his second PCRA petition, filed on March 17, 2014, was

filed after the expiration of the AEDPA statute of limitations and, therefore,

does not toll the statute of limitations. See Long v. Wilson, 393 F.3d 390, 395

(3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the

statute of limitations because, inter alia, "the limitations period had already run

when it was filed"). Additionally, on April 2, 2014, the PCRA court dismissed

the second PCRA petition as untimely. Case law is clear that an untimely

PCRA petition is not "properly filed" and, therefore, does not toll the statute

11

of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

## C.    Equitable Tolling

The court must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir. 1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

To be entitled to equitable tolling, [petitioner] must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

12

circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998).

In his habeas petition, Petitioner did not state any possible basis for equitable tolling. Nor does petitioner state any basis for equitable tolling in his traverse. Rather, Petitioner argues that he is eligible for equitable tolling of the statute of limitations because of the holding of the United States Supreme Court in Alleyne v. United States, 570 U.S. 99 (2013). The Petitioner believes that the holding in Alleyne created a new constitutional right. However, 28 U.S.C. §2244(d)(1)(c) states that in order to run the statute of limitations from the date of a new constitutional right's creation, the right must be "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." to 28 U.S.C. §2244(d)(1)(c). It is clear that the new rule of law "announced by the Supreme Court in Alleyne does not retroactively

apply to cases on collateral review." United States v. Reyes, 755 F.3d 210 (3d Cir. 2014). Therefore, Alleyne does not create any new constitutional right for Petitioner and Petitioner does not qualify for any equitable tolling of the statute of limitations. Accordingly, the petition is time-barred and will be dismissed.

## III.    Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV.    Conclusion

In light of the foregoing, the petition for writ of habeas corpus, (Doc. 1), will be **DISMISSED** as untimely, and the case will be **CLOSED**. An

appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 22, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1701-01.wpd